# FORM FOR USE IN APPLICATIONS FOR HABEAS CORPUS UNDER 28 U.S.C. §2254

FILED
02 SEP -9 PM 3: 23

... COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

NAME: **CHRISTOPHER ANDREWS**

PRISON NUMBER: **116955**

NAME OF PLACE OF CONFINEMENT: **Apalachee Correctional**

ADDRESS OF PLACE OF CONFINEMENT: **Institution**
**52 West Unit Drive**
**Sneads, Florida 32460**

THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA,

**Tampa** DIVISION

CASE NO. **8:02-CV-1648-T-17 TBM**
(TO BE SUPPLIED BY CLERK OF U.S. DISTRICT COURT)

**CHRISTOPHER ANDREWS**, PETITIONER
(FULL NAME)   (INCLUDE NAME UNDER WHICH YOU WERE CONVICTED)

VS.

**Michael Moore**, RESPONDENT
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER)

AND

THE ATTORNEY GENERAL OF THE STATE OF FLORIDA, _____

**Robert Butterworth**, ADDITIONAL RESPONDENT.
**et, Al,**

(If petitioner is attacking a judgment which imposed a sentence to be served in the *future*, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the *future* under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

(Rev. 1/97)                                    1

## PETITION

1. Name and location of court which entered the judgment of conviction under attack and state court case number(s): _Sixth Judicial Circuit Court - Pinellas County, Florida. # 98-20265 CFANO-m; 98-20651 CFANO-m; 99-18804 CFANO-m_

2. Date of judgment of conviction: _July 25, 2000_

3. Length of sentence: _Case Number 98-20651 to Fifteen (see 2a)_

4. Sentencing judge: _Honorable Philip J. Federico._

5. Nature of offense or offenses for which you were convicted: _Case Number 98-20265; Unlawful possession of cocaine; grand theft; unlawful possession of drug paraphernalia. Case Number 98-20651; Burglary of a dwelling; Grand theft. Case Number 99-18804; (see 2a)_

6. What was your plea? (Check one)

   (a) Not guilty        ( )
   (b) Guilty            ( )
   (c) Nolo contendere   (X)

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _N/A_

7. Type of trial: (Check one)

   (a) Jury ( )  _N/A_  (b) Judge only ( )

8. Did you testify at the trial?  Yes ( )  No ( )  _N/A_

(Rev. 1/97)

2

- CONTINUE #3:

(15) years in the Florida Department of Corrections. On the other cases, petitioner was sentenced to five (5) years each to run concurrent to the fifteen (15) year sentence.

- CONTINUE #5:

Unlawful possession of cocaine; misdemeanor driving with no valid drivers license.

2(a)

9. Did you appeal from the judgment of the conviction? Yes (X) No ( )

10. If you did appeal, answer the following: #2D00-03619

   (a) Name of court  Second District Court of Appeal
   (b) Result  Per Curiam Affirmed
   (c) Date of result  August 29, 2001.

   If you filed a second appeal or filed a petition for certiorari in the Florida Supreme Court or the United States Supreme Court, give details: N/A

11. Did you file any postconviction motions under either Florida Rule of Criminal Procedure 3.800 or 3.850 with the state trial court or any other postconviction motions or petitions for writ of habeas corpus with the state trial court or state appellate court to this judgment and conviction? Yes (X) No ( )

12. If you did file any matters within the realm of question 11, answer the following as to each motion or petition. Attach separate pages as needed for each motion or petition filed.

   (a) The type of motion/petition filed  Postconviction Relief - 3.850
   (b) Date motion/petition filed  October 10, 2001
   (c) Name of court  Sixth Judicial Circuit - Pinellas County
   (d) Result  Denied
   (e) Date of result  Approximately June 2002

13. If your motion or petition described in paragraph 12 was denied, did you file an appeal of that denial with the appropriate state appellate court? Yes (X) No ( )

   As to each motion or petition (attach separate pages as needed) indicate: 2D02-2862

   (a) Name of court where appeal filed  Second District Court of Appeal
   (b) Date appeal filed  June 24, 2002
   (c) Result  Per Curiam Affirmed
   (d) Date of result  August 21, 2002

(Rev. 1/97)

3

<u>12.1</u>

(a) Motion to Correct Sentencing Error
(b) Filed January 17, 2001
(c) Sixth Judicial Circuit - Pinellas County
(d) Granted
(e) February 1, 2001.

3(a)

14.  State *concisely* every ground on which you claim you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground.

> CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequence of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(e) Conviction obtained by violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by the violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: WHETHER THE TRial CouRT eRRed by imposing sentences iN (see page 15)

Supporting FACTS (tell your story *briefly* without citing cases or law):

ON MaRCH 21, 2000, PeTiTioNeR pled No conTesT as to all CouNTs iN all THRee cases wHicH iNcluded a deFeRRed senTeNciNg of 46 moNTHs CONCuRReNT senTeNces ON all CouNTs pRovided PeTiTioNeR appeaRed aT THe scHeduled senTeNciNg. ON July 25, 2000, PeTiTioNeR Failed to appeaR and was senTeNced To FiFTeeN yeaRs FoR case NumBeR 98-20651 and Five yeaRs CoNcuRReNT oN THe (see page 15)

Exhaustion of ground one in the state courts:

(1) Did you raise ground one in the appropriate Florida District Court of Appeal on a direct appeal of your conviction?
Yes (X)   No ( )

(2) After your conviction did you raise ground one in the state circuit court that sentenced you by filing a motion under Florida Rule of Criminal Procedure 3.850?
Yes ( )   No (X)

    (a) If your answer is "yes", then state:

        i. Date motion filed  N/A

        ii. Whether you received an evidentiary hearing _____

        iii. Result_____

        iv. Date of result_____

    (b) If your Rule 3.850 Motion was denied, did you file an appeal of that denial with the appropriate Florida District Court of Appeal?
Yes ( )   No ( )   N/A

      i. If you failed to appeal the denial of your Rule 3.850 motion, explain briefly why _____

N/A

      ii. Date appeal filed, result of appeal, and date of result _____

N/A

(3) Have you raised ground one in any other petition, application, or motion filed in the state courts of Florida?
Yes ( )   No (X)

If your answer is yes, then give the details, including the date the petition, application, or motion was filed, grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion, whether there was an appeal of each decision, and the result of the appeal_____

N/A

B. Ground two: Petitioner Received Ineffective assistance of counsel (see page 17)

Supporting FACTS (tell your story *briefly* without citing cases or law):

Petitioners' plea was solely predicated on Receiving 48 months. Trial counsel was ineffective for not objecting to the (15) fifteen and (5) five year sentences imposed by the trial court. Had petitioner known that he could legally receive more than the negotiated plea, He (see page 17)

(Rev. 1/87)  6

Exhaustion of ground two in the state courts:

(1) Did you raise ground two in the appropriate Florida District Court of Appeal on a direct appeal of your conviction?
Yes ( )   No (X)

(2) After your conviction, did you raise ground two in the state circuit court that sentenced you by filing a motion under Florida Rule of Criminal Procedure 3.850?
Yes (X)   No ( )

   (a) If your answer is "yes", then state:

      i. Date motion filed __October 10, 2001__

      ii. Whether you received an evidentiary hearing __No__

      iii. Result __Denied__

      iv. Date of result __Approximately June 2002__

   (b) If your Rule 3.850 Motion was denied, did you file an appeal of that denial with the appropriate Florida District Court of Appeal? Yes (X)   No ( )

      i. If you failed to appeal the denial of your Rule 3.850 motion, then explain briefly why __N/A__

      ii. Date appeal filed, result of appeal, and date of result __June 24, 2002, Per curiam Affirmed August 21, 2002__

(3) Have you raised ground two in any other petition, application or motion filed in the state courts of Florida?
Yes ( )   No (X)

If your answer is yes, then give the details, including the date the petition, application, or motion was filed, the grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion, whether there was an appeal of each decision, and the result of the appeal __N/A__

C.  Ground three: __N/A__

Supporting FACTS (tell your story *briefly* without citing cases or law):

__N/A__

Exhaustion of ground three in the state courts:

(1) Did you raise ground three in the appropriate Florida District Court of Appeal on a direct appeal of your conviction?
Yes ( )   No ( )

(2) After your conviction did you raise ground three in the state circuit court that sentenced you by filing a motion under Florida Rule of Criminal Procedure 3.850?
Yes ( )   No ( )

   (a) If your answer is "yes", then state:

   i. Date motion filed __N/A__

   ii. Whether you received an evidentiary hearing _____

   iii. Result_____

   iv. Date of result_____

   (b) If your Rule 3.850 Motion was denied, did you file an appeal of that denial with the appropriate Florida District Court of Appeal?
Yes ( )   No ( )

i.  If you failed to appeal the denial of your Rule 3.850 motion, explain briefly why _____

_____ N/A _____

ii. Date appeal filed, result of appeal, and date of result _____

_____

(3) Have you raised ground three in any other petition, application, or motion filed in the state courts of Florida?
Yes ( )  No ( )

If your answer is yes, then give the details, including the date the petition, application, or motion was filed, grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion, whether there was an appeal of each decision, and the result of the appeal _____

_____ N/A _____

D. Ground four: _____ N/A _____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____ N/A _____

Exhaustion of ground four in the state courts:

(1) Did you raise ground four in the appropriate Florida District Court of Appeal on a direct appeal of your conviction?
Yes ( )   No ( )

(2) After your conviction did you raise ground four in the state circuit court that sentenced you by filing a motion under Florida Rule of Criminal Procedure 3.850?
Yes ( )   No ( )

    (a) If your answer is "yes", then state:

        i. Date motion filed  N/A

        ii. Whether you received an evidentiary hearing _____

        iii. Result _____

        iv. Date of the result _____

    (b) If your Rule 3.850 Motion was denied, did you file an appeal of that denial with the appropriate Florida District Court of Appeal? Yes ( )   No ( )

        i. If you failed to appeal the denial of your Rule 3.850 motion, explain briefly why _____ N/A

        ii. Date appeal filed, result of appeal, and date of result _____

(3) Have you raised ground four in any other petition, application, or motion filed in the state courts of Florida? Yes ( )   No ( )

If your answer is yes, then give the details, including the date the petition, application, or motion was filed, the grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion, whether there was an appeal of each decision, and the result of the appeal _____

N/A

15. Have you previously filed any petitions, applications, or motions with respect to your judgment and conviction in any federal court?
    Yes ( ) No ( )

16. If your answer to 15 was "yes", give the following information:

    (a)  (1) Name of court_____ N/A _____

         (2) Nature of proceeding and date action filed_____

         (3) Grounds raised_____

    _____ N/A _____

         (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( )

         (5) Result_____

         (6) Date of result_____ N/A _____

    (b) As to any second petition, application or motion give the same information:

         (1) Name of court_____

         (2) Nature of proceeding and date action filed_____
    _____ N/A _____

         (3) Grounds raised_____
    _____ N/A _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No ( )

   (5) Result _____ N/A _____

   (6) Date of result _____

  (c) Did you appeal to the highest court having jurisdiction the result of any action taken on any petition, application or motion:

   (1) First petition, etc. Yes ( ) No ( ) N/A
   (2) Second petition, etc. Yes ( ) No ( ) N/A

  (d) Date appeal filed _____

   Result of appeal and date of result _____

  (e) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

_____ N/A _____

_____

_____

_____

17. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( )   No (X)

18. If you have previously filed a petition for writ of habeas corpus related to this conviction and sentence in federal court, you must first move in the appropriate court of appeal for an order authorizing the federal district court to consider the application. Have you filed such a motion? Yes ( )   No (X)

  If your answer to question 18 is yes, provide the following information:

  (a) Name of court where motion filed _____ N/A _____

  (b) Date motion filed _____

  (c) Result and date of result _____

If your answer to question 18 is no, indicate why you failed to do so _____

_____

19. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing  James Armington, Public Defenders Office - Pinellas County

   (b) At arraignment and plea  Same

   (c) At trial  N/A

   (d) At sentencing  Same

   (e) On appeal  Anders Brief - Richard Albertine, Jr., Ass't Public Defender (Polk County CTHse),

   (f) In any post-conviction proceeding  pro se

   (g) On appeal from any adverse ruling in post-conviction proceeding  pro se

20. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes (X) No ( )

21. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ( ) No (X)

   (a) If so, give name and location of court which imposed sentence to be served in the future:  N/A

   (b) Date and length of sentence to be served in the future:  N/A

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ( ) No (X)

FILED

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**I UNDERSTAND THAT ANY FALSE STATEMENT OR ANSWER TO ANY QUESTIONS IN THIS APPLICATION WILL SUBJECT ME TO THE PENALTIES OF PERJURY (A FINE OF $250,000 OR IMPRISONMENT FOR FIVE (5) YEARS, OR BOTH).**

I declare that under penalty of perjury that the foregoing is true and correct.

Executed on __9-5-02__
          Date

X _____
         Signature

__N/A__
Signature of Attorney (If Any)

STATE OF FLORIDA
COUNTY OF JACKSON

The foregoing was acknowledged before me this 5th day of September, 2002 by Christopher Andrews who has produced his inmate I.D. card as identification and who did take an oath.

Michele Hartsfield
Commission # DD 066596
Expires Oct. 22, 2005
Bonded Thru
Atlantic Bonding Co., Inc.

_____
Notary Public

my commission expires.

(Rev. 1/97)                    **14**

## -Continue Page #5A:

excess of the terms of the negotiated plea agreement after petitioner failed to appear for sentencing since the possibility of the increased sentence appeared contemplated under the plea agreement.

## -Continue Facts:

Remaining cases and counts,

The petitioner did not willfully fail to appear but got messed up on drugs. When he got out on the release, apparently he began using cocaine and heroin.

At the sentencing: the following exchange occurred: [in pertinent part]:

THE COURT: All right, you wanted to check on whether, because I was originally wrong about the departure from PRR, whether you wanted to try and reinstitute it and let him withdraw his plea, but then you had the issue of the victim in Alberquerque or whatever it was.

MR. DANIELS: You had previously indicated that perhaps if this was a PRR case that you thought for whatever reason the court felt that Mr. Andrews might be able to have the opportunity to withdraw his plea.

15

However, I would point out to you... you told him that you would allow a furlough until sentencing with the understanding that if he fails to show for sentencing, he gets a guideline sentence.

I objected at the time indicating that we were seeking PRR. I don't think that places the court really in a position where you need to let him withdraw his plea.

Accordingly, the court sentenced petitioner to a guideline sentence.

In Florida, it is well settled that a trial court may not impose a sentence in excess to that agreed to pursuant to negotiated plea unless contemplated within the plea agreement of the making thereof.

The court did not make any expressed findings that Mr. Andrews failure to appear was willful, particularly, since the trial court acknowledged that drug addiction may have been a factor in why petitioner failed to appear.

The court violated the petitioners equal protection and due process rights guaranteed under the United States Constitution by failing to make this findings or to allow the petitioner to

16

withdraw his plea.

The petitioner should be resentenced to the negotiated plea agreement or be allowed to withdraw his plea. In the alternative, petitioner should have his sentences reversed and remanded for further proceedings where the trial court should determine whether petitioner's failure to appear was willful.

- <u>Continue page #6B</u>:
due to counsels' ineffectiveness in representing petitioner in violation of petitioner's rights guaranteed under the Sixth and Fourteenth Amendments to the United States Constitution.

- <u>Continue Facts</u>:
would have gone to trial. The plea was not voluntarily or knowingly entered. Counsel was ineffective for advising petitioner that he could move to withdraw his guilty plea when determination made was without a factual basis when the plea would be same sentencing had he lost at trial. Petitioner is entitled to withdraw his plea on grounds of ineffective assistance of counsel and fundamental error. Defense

17

counsel never made any objections at the sentencing, nor was the motion to withdraw plea ever ruled upon. Had counsel objected to the sentence, it is very likely that the sentence would have been reversed on direct appeal.

The petitioner is entitled to have the terms of the plea agreement enforced or be allowed to withdraw his plea. The petitioner agreed to a specific sentencing scheme and this should be abided to. The petitioner agreed to receive a 46 month cap, not 15 or even 5 year sentence.

In order to protect the petitioners due process, equal protection and his right to effective assistance of counsel, the petitioner should be resentenced to 46 months as the plea agreement states or to withdraw his plea.